### *In re* CLARK'S ESTATE.

(*Surrogate's Court, New York County.* January 15, 1890.)

INHERITANCE TAX—PERSONALTY OF NON-RESIDENT DECEDENT.

Under Laws N. Y. 1887, c. 713, § 1, laying a tax on all property within the state, though belonging to a decedent who at his death was a non-resident, which shall pass by will or by the intestate laws, a bank account and a bond and mortgage in the state, belonging to such decedent, are subject to the tax.

Proceedings for collection of collateral inheritance tax on the appraisement of the estate of D. Lawrence Clark, deceased.

Laws N. Y. 1887, c. 713, § 1, provides that "all property which shall pass by will or by the intestate laws of this state, from any person who may die seised or possessed of the same, while a resident of this state, or, if such decedent was not a resident of this state at the time of his death, which property, or any part thereof, shall be within this state, * * * shall be and is subject to a tax of five dollars on every hundred dollars."

*John McDonald*, for the executor, William Irving Clark.

RANSOM, S. Decedent was a non-resident of this state, but left both real and personal property herein. Counsel for executor claims that the personal property, consisting of two bank accounts and a bond secured by mortgage on real estate within this county, is exempt, because personal property follows the *situs* of the owner, and this personal property is intangible here. Section 1 of chapter 713, Laws 1887, reads as follows: "After the passage of this act, all property which shall pass by will, * * * or, if such decedent was not a resident of this state at the time of death which property, or any part thereof, shall be within this state, * * * shall be and is subject to a tax of five dollars on every hundred dollars." In *Re Enston*, 113 N. Y. 174, 21 N. E. Rep. 87, the court of appeals, while holding that under the act of 1885 the property of a non-resident decedent was not subject to this tax, says: "By chapter 713 of the Laws of 1887, section 1 of the act of 1885 was so amended as to subject to its operation the property within this state of a non-resident decedent." In a recent case, (*State* v. *Dalrymple*, 17 Atl. Rep. 82,) this question is discussed fully. The Maryland statute says: "All estates, real, personal, and mixed, money, public and private securities for money of every kind, passing from any person who may die seised and possessed thereof, being in this state, * * *" and the court of appeals held that "being in this state" refers to the actual situation of the property, and not to the constructive situation. The fact that the decedent was a non-resident did not affect the question. Judge McSHERRY, in delivering the opinion of the court, says: "The tax, we have said, is on the transmission of the property 'being in the state,' and no reason has been assigned or can be suggested why the broad language of the statute, and the evident design of the legislature, should be so narrowed and restricted as to exempt from this tax the property of a non-resident actually here, notwithstanding that same property may, for other purposes, be treated as constructively elsewhere. If we adopt the view insisted on by the appellees, it would result in a discrimination in favor of the non-resident, and against our own citizens,—a discrimination, too, which the legislature certainly never intended to make, and for which no warrant whatever can be found in the plain letter of the statute. In permitting property within the state, upon the death of its owner, to pass by devise or descent or distribution, the legislature has seen fit, where strangers or collateral kindred receive it, to exact, as the condition upon which that privilege is granted, the tax in question. The imposition and collection of the tax cannot, therefore, depend upon the mere accidental residence of the

owner." In the case of *San Francisco* v. *Mackey*, 22 Fed. Rep. 602, cited by counsel for executor, Judge SAWYER held that shares of stock in a corporation are intangible property, the *situs* of which follows that of the owner, and are tangible where the owner is tangible. Such shares of stock are simply evidences of indebtedness not held by any person or corporation within the commonwealth, and such a case is easily distinguishable from the case at bar. In this case the personal property consists of money on deposit, and a bond secured by a mortgage on property here, and, in any question arising out of those deposits or this bond, the aid of the courts of this state must be invoked. This property has enjoyed the protection afforded by the laws of this state, and must pay, as the condition upon which the privilege of allowing it to pass is granted, the tax imposed by the law. Submit order confirming the report of the appraiser, and assessing and fixing the tax.